## D. E. EASTERBROOK, Respondent, *v.* M. UPTON, et al., Appellants.

An appeal from an interlocutory order granting a temporary injunction, will not be sustained when such interlocutory order was suspended by a final decree before appeal taken.

The proper practice when a demurrer is overruled is to give time to replead.

Query: If a judgment lien lacks only a few days of expiring by lapse of time when a levy is made thereunder on real estate, can the levy so extend the lien as to make a valid sale thereunder, which will defeat a title acquired by a stranger to the judgment prior to the issuance of the execution.

APPEAL from the District Court, Second Judicial District, State of Nevada, Ormsby County, Hon. S. H. WRIGHT presiding.

The facts of the case are stated in the opinion.

*Clayton & Clarke* for Appellants.

Easterbrook having purchased seventeen days before the expiration of plaintiff's lien, purchased subject to his lien. By obtaining the legal estate, he cannot deprive plaintiff of his equity. (2 Leading Cases in Equity, 135.)

Easterbrook having purchased with notice before expiration of old lien, holds subject to the new or continued lien created or extended by the levy.

*Atwater & Flandrau* Attorneys for Respondent.

The statute creates a lien which had no existence at common law. (*Ackley* v. *Chamberlain*, 16 Cal. 182.)

Being created by statute it can have no existence beyond the term for which it is created. (See *Little* v. *Harvey*, 9 Wend. 157; *Roe* v. *Swart*, 5 Cow. 294; *Petit* v. *Shepherd*, 5 Paige, 493; *James* v. *Hubbard*, 1 Paige, 228; *Tufts* v. *Tufts*, 18 Wend. 621; *Graff* v. *Kip*, 1 Ed. Ch. R. 619; *Lansing* v. *Vischer*, 1 Cow. 431; *Davis* v. *Tiffany*, 1 Hill, 642; *Dickinson* v. *Collins*, 1 Swan (Term), 516; *Dickinson* v. *Gilliland*, 1 Cow. 481; *Isaac* v. *Swift*, 10 Cal. 71; *Ackley* v. *Chamberlain*, 16 Cal. 182.)

The only exception to this rule is, when the remedy has been suspended by injunction or other legal process. (See 18 Wend. 621; 1 Cowen, 431; 10 Cal. 71.)

The New York cases are not analogous, because their statute confines the lien to ten years, not absolutely, but only as against *bona fide* purchasers.

It has been held everywhere, except in Pennsylvania, that the levy will not extend the lien beyond the time limited in the statute. (See on this point the authorities cited in *Isaac* v. *Swift*, 10 Cal. 71.)

There is no law authorizing the mere levy of an execution

on real estate. Such property is sold by virtue of the judgment lien, and not by virtue of any levy thereon.

Justice BEATTY delivered the opinion of the Court, Justice BROSNAN concurring.

Chief Justice LEWIS did not participate in the hearing of this case.

On the 30th day of January, 1863, Upton obtained and docketed a judgment against one Remington in Ormsby County. Remington at the time owned a piece of real estate in that county known as the St. Charles Hotel. On the 13th of January, 1865 (seventeen days before Upton's lien expired), Remington sold the St. Charles property, or his interest in it, if any interest he then had, to Easterbrook. Soon after the sale of Remington to Easterbrook, and while the lien was still in existence in favor of Upton (unless it had been divested by sales under former judgments), but within about thirteen days of its expiration by statute, Upton caused an execution to be issued on his judgment, and to be levied on the St. Charles Hotel, and possibly other property. The respondent Easterbrook then filed his bill praying for an injunction, perpetually enjoining the Sheriff of Ormsby County and Upton from selling the said hotel property under said execution. The bill seems to be based on two distinct grounds :

*First*—That though Upton's lien had not expired by limitation when the execution was issued and the levy made, yet the two years had expired before the bill was filed and before any sale was made. That as the lien was to expire by limitation on the 30th of January, 1865, a levy made on the 17th of January 1865, could not prolong that lien until some day in February, when the sale was advertised to take place.

The other ground taken was that Easterbrook had acquired title to the St. Charles Hotel through other judgments, prior in date and lien to the judgment of Upton, " which were and are indefeasible by any right of said defendant, M. Upton, under his said judgment against the aforesaid property."

To this complaint a demurrer was filed upon the general

grounds that it did not state facts sufficient to constitute a cause of action.

The demurrer was argued, considered, overruled, and a decree entered giving all the relief asked, and perhaps more than was asked. It does not appear whether the argument of demurrer was on the same day it was overruled or not, nor whether defendants or their attorneys had notice of the ruling of the Court, and an opportunity to ask for leave to answer.

It does appear that the decree was entered the same day the demurrer was overruled. We allude to these facts in relation to the time of sustaining the demurrer and the entering of the decree merely to suggest that it would be a proper practice in all cases where a demurrer to a complaint is overruled, to give some notice of the ruling to the party against whom it is made, and afford an opportunity to answer.

We cannot determine in this case whether there was a denial of such opportunity to the defendant, or whether the immediate entry of the decree without notice was error, for the reason that there appears to be no appeal from the decree. The appeal is only from an interlocutory order granting a temporary injunction. That order has been superseded by the decree for a final and perpetual injunction. It would be mere folly in this Court to set aside an order which was already *functus officio* before the appeal was taken.

The only points presented in the argument of this case by counsel on either side, was as to whether Upton's lien, by virtue of judgment docketed January 30, 1863, could be extended by the levy of execution up to the day of sale in February, 1865, so as to squeeze out the title which Easterbrook acquired by deed from Remington, dated January 13, 1865.

There is some difficulty on this point, and we are not disposed to express any opinion thereon, as there is no appeal from the decree made in the case. If we understand the allegations as to the other branch of the case, that Easterbrook had purchased the St. Charles before he filed his bill, under executions on senior judgments, and had obtained his deeds under those purchases, we think this would have been sufficient reason for enjoining the sale under Upton's execution, and we do not see

how this question as to the extension of the lien could ever have arisen. The facts on this branch of the case are not as fully and precisely stated as they should have been. If, however, the facts are not such as we suppose them to be from the complaint, the true facts should have been shown in an answer.

We have not noticed any supposed errors in the final decree, because there is no appeal from the judgment. The appeal is dismissed.

Judgment in favor of respondent for his costs.