### Lloyd P. Moseley v. James P. Turner, Clerk, etc.

1.   Jurors—*Fees, When Summoned on Special Venires.*—A person who attends court as a juror summoned on a special venire is entitled to same fees as a juror who is drawn on the regular panel; and although not sworn in a case on trial, he is entitled to his pay as clearly as if he were in the regular panel.

2.   Same—*Duty of, When in Attendance upon Court.*—When a citizen

is compelled by due process to attend court as a juror, he is there under stress of law until he is discharged by the judge; and although on the regular panel he may never be called to the box in his two weeks' service and never be sworn in a case, he must be in attendance, unless discharged, to serve if he is called upon.

**Mandamus.**—Appeal from the Circuit Court of Wayne County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1900. Reversed and remanded. Opinion filed March 11, 1901.

W. T. BONHAM and CREIGHTON, KRAMER & KRAMER, attorneys for appellant.

B. M. RIDER, State's Attorney, for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is a petition by appellant for a writ of mandamus to compel appellee, as clerk of the Circuit Court of Wayne County, to issue to appellant a certificate of his service as juror, upon which he could draw pay for said service and mileage.

The only question presented is, does the statute require the payment of a juror's fees who has been summoned, upon a venire duly issued, and who has obeyed the summons, attended court until duly discharged, but who has not been called to serve in the jury box, and has not, therefore, been sworn as a juror. The writ was denied and judgment for costs rendered against petitioner, who brings this case here upon appeal.

The case was heard upon the following stipulation of facts:

"It is hereby stipulated and agreed, that on the 17th day of October, A. D. 1899, the Circuit Court of Wayne County, Illinois, was regularly in session, at Fairfield, Illinois, and engaged in the trial of Fred Helm and William Helm, in the case of the People, etc., v. them for murder, and that the court made the following order: 'And now on this second day of the term, being the seventeenth day of October, A. D. 1899, come the People, by B. M. Rider, State's Attorney, together with Thomas H. Creighton and John R. Hold, associate counsel, and also came the defendants, Fred

Moseley v. Turner.

Helm and William Helm, attended by their counsel, Creighton, Kramer & Kramer, and A. M. Funkhouser, and said defendants having been furnished with a copy of the indictment, list of witnesses, and entered their plea of not guilty of the charge set forth in the indictment, are now furnished with a list of jurors impaneled for this term.   Whereupon the trial to try the guilt or innocence of the defendants herein begins; and having proceeded with the examination of the jurors to sit at the trial of this cause, until twelve of the regular panel had been exhausted, leaving twelve of said panel in the jury box, it is therefore ordered by the court that the clerk of this court issue a special venire for three hundred and fifty men for jurors, from which to select the jury in this case.   Which venire is at once issued.'   And after the entry of the above and foregoing order, the clerk of said court, in pursuance thereof, issued seven venires, each similar to the following venire, to wit:

State of Illinois, { ss.
County of Wayne. {

The People of the State of Illinois to the Sheriff of said County, Greeting:—You are hereby commanded to summon fifty good and lawful persons, from the body of your county, to be and appear before the Circuit Court of said county, at or before eight o'clock of the 18th day of October, 1899, being one of the days of a regular term thereof, began and held at the Court House, in the town of Fairfield, in said county, on Monday, the 16th day of October, to serve as petit jurors.   And have you then and there this writ, with an indorsement thereon in what manner you shall have executed the same.

Witness, James P. Turner, clerk of said court, and the seal thereof, at Fairfield, this 17th day of October, A. D. 1899.

[Seal]   J. P. Turner, Clerk.

And delivered the same to T. F. Dickey, sheriff of said Wayne county.   That said sheriff of said Wayne county, in pursuance of the order and command of said venire, duly summoned L. P. Moseley, the petitioner herein, as one of fifty persons ordered summoned by said venire.   That in obedience to said summons and order of court, the said L. P. Moseley traveled from his home to the Court House in Fairfield, a distance of fifteen miles by the nearest traveled route, and did attend in person upon said court from the hour of eight o'clock a. m. on the 18th day of October, A. D. 1899, until nine o'clock p. m. of said day, and until discharged by said court; but did not during that time sit on

any trial jury. That after his discharge, to wit, on the 19th day of October, A. D. 1899, the said L. P. Moseley, petitioner herein, applied in person to James P. Turner, clerk of the said Circuit Court, and requested him to issue to said L. P. Moseley a certificate as petit juror in said case, according to law, and that the said James P. Turner, clerk of the Wayne County Circuit Court, refused to issue to the said L. P. Moseley any certificate as a juror aforesaid, and still refuses so to do. That the said L. P. Moseley was a citizen of said Wayne county, Illinois, possessing all the legal qualifications of a juror, above the age of twenty-one years and under the age of sixty years, on the 18th day of October, A. D. 1899.

The above facts shall be taken by the court as absolutely true as herein stipulated, but either party may present additional evidence, not contradictory of any part hereof. It is further stipulated that if, after the trial of this cause, an appeal or writ of error shall be prosecuted or sued out by either party, this stipulation may be used in perfecting bill of exceptions in place of a copy hereof."

Counsel for appellee say in his brief:

" The only question presenting itself to the court in this case is, does Sec. 44, Chap. 53, S. & C. Statutes, embrace within its scope the term talesmen, and provide for fees for their attendance, or does it fix the compensation only of petit jurors who are members of the regular panel ? "

This section provides:

" There shall be allowed and paid to grand and petit jurors, for their services in attending courts of record * * *, two dollars per day of necessary attendance at such courts as such jurors, and also five cents per mile each way for necessary travel in going and returning from the same. * * * The clerk shall furnish to each of the jurors aforesaid, without fee, when he shall be discharged from further service by the court, a certificate of the number of days' attendance at the term," etc.

Sec. 14 of Chap. 78, S. & C. says:

" It shall be sufficient cause of challenge of a petit juror if he lacks any of the qualifications mentioned in section 2 of this act; or if he is not one of the regular panel," etc.

This clearly indicates that it is not necessary, in order to be a " petit " juror, that the jury shall have been drawn on the regular panel.

Moseley v. Turner.

Section 44, quoted *supra*, provides for the payment of jurors for their services in attending court, two dollars for each day's attendance. Payment is provided for attendance as a juror and not limited to service in the jury box. When a citizen is compelled by due process to attend court as a juror, he is there under stress of law until he is discharged by the judge. A juror on the regular panel may never be called to the box in his two weeks' service, and never be sworn in any case; but he must be in attendance, unless discharged, to serve in the box if he is called.

It would be a construction of the statute in the teeth of its language to hold that under such circumstances he is not entitled to pay. Both the language of the statute and common justice require that he should be paid while, under compulsion, he waits to serve, just as truly as if he was called to serve.

A talesman who obeys a summons is as much under the order of the court and is as truly a juror as is a juror who is drawn in a regular panel, and although not sworn in a case on trial, is entitled to his pay as clearly as if he were in the regular panel. Thornberg v. Herman, 1 Nev. 401.

The word "juror" as used in the sections of the statute quoted *supra*, is not limited to a person actually sworn to try a case. It is used in a broader sense, and embraces those who are duly summoned as jurors upon a venire regularly issued, and who obey the summons and are in attendance at court.

Under the facts stipulated, appellee should have issued the certificate, and having refused to do so, the writ of mandamus prayed in the petition should have been granted.

Reversed and remanded, with directions to issue writ as prayed in the petition. In so holding, we are not to be understood as holding that a talesman called from the bystanders to the jury box, but not accepted as a juror, is entitled to juror's fees.

Reversed and remanded.